IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HEATHER ZAMPOGNA, | Case No. 3:07-cv-00174 |
| Plaintiff, | |
| v. | **CONSENT PROTECTIVE ORDER** |
| GASTON COUNTY SCHOOLS BOARD OF EDUCATION, | |
| Defendant. | |

Plaintiff Heather Zampogna ("Plaintiff") and Defendant Gaston County Schools Board of Education ("Defendant") hereby consent to the entry of this Protective Order. The terms "Producing Party" or "Producing Parties," and the terms "Receiving Party" or Receiving Parties," when used herein, apply equally to Plaintiff and Defendant, and means the party who is producing or receiving documents or other information in discovery to or from the other party pursuant to the terms of this Order.

The parties recognize that during discovery in this action, Producing Parties may be required to produce documents, answer interrogatories, and provide testimony that might reveal confidential personal or personnel information that should not be disclosed except in a highly restricted fashion. In recognition of this fact, and in the interest of expediting all categories of discovery, Plaintiff and Defendant agree, subject to the Court's approval, to be bound by the following terms and conditions:

1. All "Confidential" or "Protected" information which has or will be disclosed, furnished or submitted, whether voluntarily or pursuant to Court Order, by or on behalf of Producing Parties, to a Receiving Party or any agent, expert or other person authorized by this Protective Order to receive such information, shall be used solely in connection with pre-trial

proceedings, preparation for trial, trial, or other proceedings in this captioned case.

2. The term "Protected" or "Confidential" as applied to documents, testimony or information produced by Producing Parties shall be deemed to include all non-public, proprietary, confidential and sensitive information belonging to Producing Parties, including: personnel files, medical records, tax records, marital or divorce records, financial information, confidential personnel information and supporting documents thereto, studies, and internal memoranda or decisions regarding sensitive personnel matters.

3. In order to facilitate the production of voluminous documents and information by Producing Parties, and in recognition of the fact that confidential personnel and personal material is present in many forms and in many locations throughout Producing Parties' files, the following provisions shall apply:

(a) Documents produced by Producing Parties may be designated "Protected" or "Confidential" within the meaning of this Protective Order;

(b) At any time after production of documents designated by the Producing Party as Protected or Confidential, the Receiving Party may request that the Producing Party re-designate certain of those documents as not being Protected or Confidential to the extent she/it believes the information was not intended to be covered by ¶2 above. On such request from a Receiving Party, Producing Parties will consent to the removal of any document from confidential or protected status if the document does not contain information intended to be described in ¶2, above, and does not contain any other information that qualifies for protection under Federal Rule of Civil Procedure 26(c);

(c) If, in any instance, a Producing Party refuses to accede to a request made pursuant to the previous subparagraph, the Receiving Party may move the Court for a modification of this Protective Order to reflect a removal of the subject document(s) from confidential or protected status. Should a Receiving Party elect to make such a motion, the Producing Party shall have the burden of proving that the subject document(s) continue to be entitled to confidential or protected status under the provisions of Rule 26(c) or other authority.

4. Any material that is designated "Confidential" or "Protected," including any portions of transcripts of testimony, documents, and any pages or parts thereof, shall be

understood to be protected and confidential in their entirety under this Order, and shall be used solely for the purposes of these captioned cases, and shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified under, and consenting to, all of the terms of this Order.

5. Access to the "Confidential" or "Protected" materials produced, and to information contained therein (including extracts, copies, notes, and summaries derived therefrom), shall be restricted to:

(a) the Receiving Parties and the attorneys who are appearing in their behalf in the above-captioned actions;

(b) personnel and staff members of the attorneys who are appearing on behalf of the Receiving Parties in the above-captioned actions, if such personnel and staff members are directly employed by these attorneys or their law firms, and are assisting the attorneys in their work on the above-captioned cases;

(c) potential or actual witnesses in the case;

(d) those agents of the Receiving Parties, other than their attorneys and their attorneys' personnel and staff members described in subparagraph (b), whose assistance is required in the preparation of the above-captioned cases for trial, and who must have access to the materials to render such assistance;

(e) experts or consultants retained by the Receiving Parties or their attorneys for the purposes of trying, or for preparing to try, the above-captioned cases;

(f) the Court and court personnel, including such stenographic reporters engaged in these proceedings as are necessarily incident to the preparation or trial of the above-captioned actions; and

(g) such other persons as shall be authorized in writing by the Producing Party, or as ordered by the Court.

6. Each qualified person described in subparagraphs (c), (d), (e) and (g) of the preceding paragraph to whom confidential or protected materials are to be furnished, shown, or

disclosed shall first be presented by the disclosing party with a copy of this Consent Protective Order. No disclosure of confidential or protected materials shall be permitted by the Receiving Parties or their attorneys to a qualified person described in subparagraph (c), (d), (e) or (g) of the preceding paragraph until that person shall have agreed in writing to be bound by each of the terms of this Consent Protective Order. A copy of this writing shall be retained in the permanent files of the signatory attorney for the Receiving Party making disclosure, but not served on the other parties. The Producing Parties' access to any such documents shall be limited to the extent necessary to resolve disputes involving unauthorized disclosure of confidential or protected materials designated herein; however, nothing in this paragraph shall prevent disclosure of the identities of qualified persons or the writings required of them by this paragraph to Producing Parties, to the extent agreeable to the parties to this Consent Protective Order, or as directed by the Court or required by law.

7. Material disclosed at any deposition in the above-captioned matter may be designated by a Producing Party as "Confidential" or "Protected" by either indicating on the record at the deposition that the particular testimony, exhibits or other material is "Confidential" or "Protected" and is subject to the provisions of this Order, or by so designating those specific portions of the transcript (by page and line number) or exhibits (by exhibit number) as "Confidential" or "Protected." To the extent the foregoing is applicable, each party shall attach to the face of each deposition transcript in its possession, custody or control, and to each and every copy thereof, a notice that certain portions of the material therein have been designated "Confidential" or "Protected" by a party under this Order. Other parties who attend or receive transcripts of depositions covered by this paragraph shall be bound by the provisions of this Order in the same manner as a Receiving Party, including the right to seek removal of designated material from confidential or protected status, described in paragraph 3 hereof.

8. Upon termination of these actions as to any Receiving Party (whether by

judgment, settlement or otherwise), counsel for the Receiving Party shall assemble and either return to Producing Parties (at Producing Parties' expense), or destroy (at Producing Parties' option) all confidential or protected materials properly designated as "Confidential" or "Protected," which have been produced by Producing Parties to the Receiving Party as to whom the action has terminated. All copies of notes or other work product containing "Confidential" or "Protected" materials shall be destroyed by the Receiving Party's attorneys within thirty (30) days of the termination of these actions as to that Receiving Party. Upon request, counsel for Receiving Party as to whom the action has been terminated shall promptly certify to Producing Parties' attorneys that the obligations imposed by this paragraph have been performed.

9. Nothing in this Order shall be deemed to restrict in any way any party or its attorneys in the handling or disclosure of the party's own documents, materials or information.

10. Upon final resolution of these matters, by whatever means, all copies of confidential or protected documents or information introduced into evidence in the subject actions may be withdrawn from evidence and returned to their respective Producing Parties upon motion.

11. Nothing in this Order shall prejudice the rights of either Plaintiff or Defendant to apply to the Court for modification of this Order following the resolution of the above-captioned actions; provided, however, that the parties shall first attempt to resolve the matter by stipulation or mutual consent prior to making any such application to the Court.

IN WITNESS WHEREOF, Plaintiff and Defendant, through counsel, indicate below their consent to entry of this Order.

**SO ORDERED**.

Signed: August 7, 2008

_____
Carl Horn, III
United States Magistrate Judge



**WE CONSENT:**

/s/ Joshua R. Van Kampen
Joshua R. Van Kampen
N.C. State Bar No. 32168
**FOSBINDER & VAN KAMPEN,**
*A Professional Limited Liability Company*
1515 Mockingbird Lane, Suite 218
Charlotte, NC 28209
704-552-7500 (phone)
704-552-7509 (fax)
jrv@carolina.rr.com

*Attorney for Plaintiff Heather Zampogna*

/s/ Mark P. Henriques

Mark P. Henriques
N.C. State Bar No. 18701
Sarah A. Motley
N.C. State Bar No. 34117
**WOMBLE CARLYLE SANDRIDGE & RICE**
*A Professional Limited Liability Company*
3500 One Wachovia Center
301 South College Street
Charlotte, NC 28202
704-331-4900 (phone)
704-444-9977 (fax)
mhenriques@wcsr.com
smotley@wcsr.com

*Attorneys for Defendant Gaston County Schools Board of Education*