# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:07CV174-C

| | |
|---|---|
| HEATHER ZAMPOGNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM AND ORDER** |
| GASTON COUNTY SCHOOLS ) | |
| BOARD OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the "Plaintiff's Motion for Five Additional Deposition[s]" (document #33) filed August 7, 2008; and the Defendant's "Memorandum in Opposition ..." (document #35) filed August 25, 2008. Plaintiff's counsel has informed chambers' staff telephonically that the Plaintiff will not file a reply brief. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

From July 18, 1998 through February 6, 2006, the Plaintiff Heather Zampogna was employed by the Defendant Gaston County Schools Board of Education as a third grade teacher at Tryon Elementary School in Gaston County, North Carolina.

In August 2004, Tryon Elementary Principal Terry Usery assigned the Plaintiff to be a mentor for Douglas Doorley, a newly hired teacher. The Plaintiff began dating Mr. Doorley in the summer of 2005, and the relationship became intimate. Sometime in November 2005, the Plaintiff learned that she was pregnant. On January 3, 2006, the Plaintiff and Mr. Doorley met with Mr. Usery and informed him of the pregnancy. On February 6, 2006, Mr. Usery informed the Plaintiff that she was being transferred from Tryon Elementary to a tutor position working with at risk children at Rhyne

Elementary School.

On March 19, 2007, the Plaintiff filed a Complaint in the North Carolina Superior Court, which as amended, stated claims for sex and pregnancy discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), and a state law claim for negligent infliction of emotional distress. On April 20, 2007, the Defendant removed the state law case to federal court. For a more detailed statement of the alleged facts and procedural history, please see the "Order" entered on December 26, 2007 by the Honorable Robert J. Conrad Jr. Document #23 (granting in part and denying in part Defendant's "Motion to Dismiss" (document #17), dismissing negligent infliction of emotional distress claim, denying Motion as to Title VII claims).

Relevant to the subject Motion, in its Rule 26 Initial Disclosures, the Defendant identified Reeves McGlohon, then the Defendant's Deputy Superintendent and now its Superintendent, as the final decision-maker in the Defendant's decision to transfer the Plaintiff. The parties agree that one of the Defendant's stated reasons for the transfer was the inappropriate nature of a romantic relationship between a mentor teacher and her "mentee" teacher. The Plaintiff alleges that another of Defendant's stated reasons for the transfer was the Defendant's disbelief of the Plaintiff and Mr. Doorley's assurances that they had not engaged in inappropriate romantic or intimate behavior on campus.

Initially, the parties agreed that they would each depose seven fact witnesses, a limitation that Judge Conrad subsequently incorporated into the "Pretrial Order and Case Management Plan." See "Joint Rule 26(f) Report and Discovery Plan" at 1 (document #8) and "Pretrial Order and Case Management Plan" at 2 (document #20).

In her Motion, the Plaintiff credibly asserts that during the course of discovery she has developed evidence that necessitates five additional depositions, as follows:

1. During his deposition, Mr. McGlohon testified that then-Superintendent Ed Sadler was, in fact, the final decision-maker concerning the Plaintiff's transfer.

2. Lisa Cantrell, a former Assistant Principal at Tryon Elementary, has averred that the Defendant took no action concerning a sexual relationship between another Assistant Principal and a teacher at Tryon Elementary (who are identified as John and Jane Doe). Ms. Cantrell also avers that Kay Pruitt, then and now the financial secretary at Tryon Elementary, has knowledge about this relationship.

3. During his deposition, Mr. Usery admitted that two other teachers at Tryon Elementary (who are not named in the record) engaged in a romantic relationship to the point of becoming engaged to be married and that the Defendant never took any action concerning this relationship or those teachers' behavior. Amy Criswell, another teacher at Tryon Elementary, testified that this relationship was well known at the school and that on "several occasions" these teachers had been discovered by other teachers alone in a locked room on campus.

In response to this previously undisclosed information, and after having taken the seven depositions initially permitted in the Pretrial Order, the Plaintiff sought the Defendant's consent to depose Mr. Sadler, John Doe, and Jane Doe <u>or</u> Ms. Pruitt, and also to depose two as yet unspecified witnesses concerning the relationship identified by Mr. Usery and Ms. Criswell.

After the Defendant refused to consent to the taking of additional depositions, on August 7, 2008, the Plaintiff filed the subject "Motion for Five Additional Deposition[s]."

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant

information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979). Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (district courts' rulings on discovery motions reviewed on appeal for abuse of discretion); and Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel).

The undersigned finds that the Plaintiff is entitled to take the proposed depositions, each of which is reasonably calculated to lead to the discovery of admissible evidence concerning the Defendant's decision-making process, including its stated nondiscriminatory reasons for transferring the Plaintiff. In other words, the Plaintiff may depose Mr. Sadler, the final decision-maker, and four other witnesses with knowledge of other school employees who engaged in conduct substantively similar to the Plaintiff's conduct, but without negative consequences.

**NOW THEREFORE, IT IS ORDERED:**

1. The "Plaintiff's Motion for Five Additional Deposition[s]" (document #33) is **GRANTED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.  Signed: August 27, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge